# EXHIBIT A

**BARRY R. EICHEN, ESQ. (ID# 015851986)**
**ROBERT J. BANAS, ESQ. (ID# 161632015)**
**EICHEN CRUTCHLOW ZASLOW, LLP**
**40 Ethel Road**
**Edison, New Jersey 08817**
**(732) 777-0100**
**Attorneys for Plaintiffs**

| | |
|---|---|
| NEVA RUCCI,<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC.; JOHN DOES 1-100 (represents a class of Defendants who are presently unknown or unknowable at present and responsible for the repair, up-keep, maintenance and design of the truck/equipment or defect in question); and ABC, INC. 1-100 (represents a class of Defendants who are presently unknown or unknowable at present and responsible for the manufacture, repair, up-keep, maintenance and design of the truck/equipment in question question),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-4617-24<br><br>Civil Action<br><br>SUMMONS |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):**

**SUNBEAM PRODUCTS, INC.**

The plaintiff named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ, 08625. A filing fee of $250.00 for Law Division cases or $175.00 for Chancery Division cases payable to the Treasurer State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and service a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ MICHELLE M. SMITH
MICHELLE M. SMITH, Clerk, Superior Court

DATED: August 14, 2024

Name of Defendant to be served:

**Sunbeam Products, Inc., 2381 NW Executive Center Drive Boca Baton, FL 33431**

COUNTY LAWYER REFERRAL/LEGAL SERVICES CONTACT INFORMATION

| | | |
|---|---|---|
| New Jersey Bar Association<br>Lawyer Referral Service<br>(732)249-5000<br><br>Legal Services of New Jersey, Inc.<br>(908)572-9100 | Gloucester County<br>Gloucester County Bar Association<br>Lawyer Referral Service<br>(856)848-44071<br>*Regional Legal Services<br>(856)848-5360 | Passaic County<br>Passaic County Bar Association<br>Lawyer Referral Service<br>(973)278-9223<br>Passaic County Legal Aid<br>(973)523-2900 |
| Atlantic County<br>Atlantic County Bar Association<br>Lawyer Referral Service<br>(609)345-3444<br>Cape-Atlantic Legal Services<br>(609)348-4200 | Hudson County<br>Hudson County Bar Association<br>Lawyer Referral Service<br>(201)798-2727<br>Hudson County Legal Services<br>(201)792-6363 | Salem County<br>Salem County Bar Association<br>Lawyer Referral Service<br>(856)935-5629<br>*Regional Legal Services<br>(856)496-4570 |
| Bergen County<br>Bergen County Bar Association<br>Lawyer Referral Service<br>(201)488-0044<br>Bergen County Legal Services<br>(201)487-2166 | Hunterdon County<br>Hunterdon County Bar Association<br>Lawyer Referral Service<br>(908)200-7822<br>Hunterdon County Legal Services<br>(908)782-7979 | Somerset County<br>Somerset County Bar Association<br>Lawyer Referral Service<br>(908)685-2323<br>Somerset-Sussex Legal Services<br>(908)231-0840 |
| Burlington County<br>Burlington County Bar Association<br>Lawyer Referral Service<br>(609)261-4862<br>*Regional Legal Services<br>(609)261-1088 | Mercer County<br>Mercer County Bar Association<br>Lawyer Referral Service<br>(609)585-6200<br>Legal Aid Society-Mercer County<br>(609)695-6249 | Sussex County<br>Sussex County Bar Association<br>Lawyer Referral Service<br>(973)267-5882<br>Somerset-Sussex Legal Services<br>(973-383-7400 |
| Camden County<br>Camden County Bar Association<br>Lawyer Referral Service<br>(856)482-0618<br>*Regional Legal Services<br>(856)964-2010 | Middlesex County<br>Middlesex County Bar Association<br>Lawyer Referral Service<br>(732)828-0053<br>Middlesex County Legal Services<br>(732)828-3433 | Union County<br>Union County Bar Association<br>Lawyer Referral Service<br>(908)353-4715<br>Union County Legal Services<br>(908)354-4340 |
| Cape May County<br>Cape May County Bar Association<br>Lawyer Referral Service<br>(609)463-0313<br>Cape-Atlantic Legal Services<br>(609)465-3001 | Monmouth County<br>Monmouth County Bar Association<br>Lawyer Referral Service<br>(732)431-5544<br>Ocean-Monmouth Legal Services<br>(732)414-6750 | Warren County<br>Warren County Bar Association<br>Lawyer Referral Service<br>(908)387-1835<br>Warren County Legal Services<br>(908)475-2010 |
| Cumberland County<br>Cumberland County Bar Assoc.<br>Lawyer Referral Service<br>(856)696-5550<br>Legal Aid Society<br>(856)691-0494 | Morris County<br>Morris County Bar Association<br>Lawyer Referral Service<br>(973)267-5882<br>Legal Aid Society of Morris<br>(973)285-6911 | |
| Essex County<br>Essex County Bar Association<br>Lawyer Referral Service<br>(973)622-6204<br>Essex County Legal Aid Assoc.<br>(973)622-0063 | Ocean County<br>Ocean County Bar Association<br>Lawyer Referral Service<br>(732)431-5544<br>Ocean-Monmouth Legal Services<br>(732)608-7794 | * Camden Regional Legal Services, Inc. serves Burlington, Cumberland, Gloucester and Salem Counties. |

**BARRY R. EICHEN, ESQ. (ID# 015851986)**
**ROBERT J. BANAS, ESQ. (ID# 161632015)**
**EICHEN CRUTCHLOW ZASLOW, LLP**
**40 Ethel Road**
**Edison, New Jersey 08817**
**(732) 777-0100**
**Attorneys for Plaintiffs**

| | |
|---|---|
| NEVA RUCCI,<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC.; JOHN DOES 1-100 (represents a class of Defendants who are presently unknown or unknowable at present and responsible for the repair, up-keep, maintenance and design of the truck/equipment or defect in question); and ABC, INC. 1-100 (represents a class of Defendants who are presently unknown or unknowable at present and responsible for the manufacture, repair, up-keep, maintenance and design of the truck/equipment in question question),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-<br><br>Civil Action<br><br>COMPLAINT, JURY DEMAND, CERTIFICATION OF PERMANENCY, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR INSURANCE, DEMAND FOR DOCUMENTS, DEMAND FOR INTERROGATORIES AND CERTIFICATION |

Plaintiff, Neva Rucci, residing in Middlesex, New Jersey, by way of Complaint against the defendants says:

## FIRST COUNT – PRODUCT LIABILITY/NEGLIGENCE

1. On or about October 10, 2022, the plaintiff, Neva Rucci was utilizing a Crockpot Express pressure cooker that exploded and caused her serious and permanent injuries.

2. Upon information and belief, the pressure cooker was designed, manufactured, distributed, sold, installed, inspected, repaired and maintained by defendant, Sunbeam Products, Inc. bearing Model #: CPPCV60-SS.

3. At all times relevant hereto, defendant Sunbeam Products, Inc. was a company doing business in New Jersey and was engaged in the design, manufacture, distribution, sale, installation, inspection, repair and maintenance of the aforementioned pressure cooker and otherwise placed into the stream of commerce said product which was an unreasonable danger to users.

4. Said product was defectively designed and/or manufactured by the above-mentioned defendant.

5. At all times relevant hereto, the defendant, Sunbeam Products, Inc. was negligent, acted improperly, intentionally, recklessly and without regard for the safety of others, including the users of its products, and distributed, sold and otherwise placed into the stream of commerce said product which presented an unreasonable danger to users.

6. As a direct and proximate result of said exposure to this dangerous product, and of the negligence and improper conduct of the defendants, plaintiff Neva Rucci suffered severe and permanent injuries, was caused to suffer great pain; and was caused to incur medical expenses.

WHEREFORE, plaintiff demands judgment against the defendants, individually, jointly, severally or in the alternative for compensatory damages, attorney's fees, costs of suit punitive damages, wrongful death and survivorship damages, and such other and further relief as the court may deem proper in this count.

**SECOND COUNT – JOHN DOE/ABC INC. DEFENDANTS**

7. The Plaintiff repeats the allegations contained in the Previous Counts as if the same were more fully set forth herein and made a part hereof.

8. Defendants, JOHN DOES 1-100 (representing a class of Defendants who are presently unknown or unknowable, or with regard to which negligence is not currently suspected,

and who are or were responsible for the design, manufacture, sale, installation, repair, up-keep, maintenance, and otherwise of the device or equipment or defect in question) and ABC, INC. 1-100 (representing a class of Defendants who are presently unknown or unknowable, or with regard to which negligence is not currently suspected, and who are or were responsible for the design, manufacture, sale, installation, repair, up-keep, maintenance, and otherwise of the device or equipment or defect in question) were negligent, acted improperly, intentionally, recklessly and without regard for the safety of others, including the users of their products and designed, manufactured, distributed, sold and otherwise placed into the stream of commerce said product which presented an unreasonable danger to users. These persons and entities were further negligent and acted improperly, intentionally, recklessly and without regard for the safety of others, including the users of its products, in the installation, maintenance, inspection and repair of the device and/or equipment at issue.

9. As a direct and proximate result of said exposure to this dangerous product, and of the negligence and improper conduct of the defendants, plaintiff suffered severe and permanent injuries, was caused to suffer great pain; and was caused to incur medical expenses.

WHEREFORE, plaintiff demands judgment against the defendants, individually, jointly, severally or in the alternative for compensatory damages, attorney's fees, costs of suit punitive damages, wrongful death and survivorship damages, and such other and further relief as the court may deem proper in this count.

**THIRD COUNT – FAILURE TO WARN – STRICT LIABILITY**

10. The Plaintiff repeats the allegations contained in the Previous Counts as if the same were more fully set forth herein and made a part hereof.

11. The defendants, manufactured, distributed, sold and otherwise placed into the stream of commerce a dangerous product without adequate warnings which presented an unreasonable danger to users.

12. As a direct and proximate result of said exposure to this dangerous product, and of the negligence and improper conduct of the defendants, plaintiff suffered severe and permanent injuries, was caused to suffer great pain; and was caused to incur medical expenses.

WHEREFORE, plaintiff demands judgment against the defendants, individually, jointly, severally or in the alternative for compensatory damages, attorney's fees, costs of suit punitive damages, wrongful death and survivorship damages, and such other and further relief as the court may deem proper in this count.

**<u>FOURTH COUNT – BREACH OF WARRANTY</u>**

13. The Plaintiff repeats the allegations contained in the Previous Counts as if the same were more fully set forth herein and made a part hereof.

14. The defendants, by and through their agents, servants and/or employees, expressly and impliedly represented to the Plaintiff that the subject product was safe and proper for its intended use and purpose, and guarantee to the user that the said product was of merchantable quality.

15. The product failed to meet the warrant and guarantees provided to the Plaintiff.

16. As a direct and proximate result of said exposure to this dangerous product, and of the negligence and improper conduct of the defendants, plaintiff suffered severe and permanent injuries, was caused to suffer great pain; and was caused to incur medical expenses.

WHEREFORE, plaintiff demands judgment against the defendants, individually, jointly, severally or in the alternative for compensatory damages, attorney's fees, costs of suit punitive

damages, wrongful death and survivorship damages, and such other and further relief as the court may deem proper in this count.

**FIFTH COUNT – COMMON LAW NEGLIGENCE**

17. The Plaintiff repeats the allegations contained in the Previous Counts as if the same were more fully set forth herein and made a part hereof.

18. At the time and place aforesaid, defendants negligently designed, manufactured, distributed and sold, installed, repaired, maintained and inspected the dangerous product in question, and permitted a dangerous and hazardous condition to exist of which Plaintiff was unaware.

19. The Defendants, through their agents, servants and/or employees carelessly, recklessly, and negligently failed to adequately prevent, avoid, identify and correct the aforesaid dangerous and hazardous conditions.

20. As a direct and proximate result of said exposure to this dangerous product, and of the negligence and improper conduct of the defendants, plaintiff suffered severe and permanent injuries and death, he was caused to suffer great pain; and was caused to incur medical expenses.

WHEREFORE, plaintiff demands judgment against the defendants, individually, jointly, severally or in the alternative for compensatory damages, attorney's fees, costs of suit punitive damages, wrongful death and survivorship damages, and such other and further relief as the court may deem proper in this count.

**SIXTH COUNT**

21. The Plaintiff repeats the allegations contained in the Previous Counts as if the same were more fully set forth herein and made a part hereof.

22. The Plaintiff herein alleges that there was a breach of regulations and/or other violations of controlling statutes, ordinances and standards that constitute a statutory tort.

WHEREFORE, plaintiff demands judgment against the defendants, individually, jointly, severally or in the alternative for compensatory damages, attorney's fees, costs of suit punitive damages, wrongful death and survivorship damages, and such other and further relief as the court may deem proper in this count.

**JURY DEMAND**

PLEASE TAKE NOTICE that Plaintiff, pursuant to R. 4:35-1, demands a trial by jury as to all issues.

**DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, BARRY R. EICHEN and ROBERT J. BANAS are hereby designated as trial counsel in the above matter for the firm of EICHEN CRUTCHLOW ZASLOW, LLP, attorneys for the plaintiff.

**DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES**

Pursuant to Rule 4:17-1, the plaintiff hereby demands answers to Uniform Interrogatories Form C & C(4) Personal Injury Interrogatories along with the attached supplemental set of all defendants within the time prescribed by the Rules of the Court.

**DEMAND FOR INSURANCE COVERAGE**

In accordance with R. 4:10-2, Defendants are demanded to provide a complete copy of their applicable liability insurance policies, including any excess or umbrella policies, with declaration sheets as well as the requisite Certifications regarding same pursuant to R. 4:18-1(c) within fifty (50) days of service of this Complaint.

**SUPPLEMENTAL INTERROGATORIES**

1. If you contend that any person, entity, subcontractor or third party (other than those currently joined in this action) may be liable, in whole or in part, for the incident complained of herein, set forth their identity including name, corporate designation, address, telephone number and the nature of the relationship with the answering Defendant.
2. State the correct name of any corporation, entity, or individual who was in the distributive chain from the time the Product was manufactured until purchased by the Plaintiff.
3. Please state whether Defendant is or has been made aware of any alleged problems and/or defects in the past with the subject pressure cooker and/or similar products which resulted in personal injury or death.

## NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

### DEFINITIONS

For the purposes of these requests, the following terms should be interpreted as follows:

1) "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description -- be it tangible in the form of paper or intangible in the form of electronic communications -- that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, electronic mail ("e-mail"), memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes,

diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings, electronic mail (E-mail); every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

2) "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3) "Defendant," "you," or "your" refers to the answering party and each of its employees, agents or representatives, and all of their operating divisions, subsidiaries and affiliates, both domestic and foreign.

4) "The incident" means the incident which gives rise to this lawsuit.

5) "Product" means the pressure cooker bearing Model #: CPPCV60-SS.

REQUESTS FOR PRODUCTION

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports, incident reports, investigation notes, witness statements, documents or other

tangible items concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the injuries sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6. Copies of any and all contracts between any of the parties involved in the incident in question.

7. Copies of any and all supply agreements between any of the parties involved in the incident in question and any third-party.

8. Copies of any and all documentation concerning any lease agreements between the lessor(s) and the lessee(s) concerning the incident in question.

9. Copies of any and all permits applied for by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

10. Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

11. Copies of any and all discovery received from any other parties to the action in question.

12. All documents relating to or referencing warnings given to or direct to consumers regarding the subject product.

13. All documents relating to or referencing all policies regarding the testing of the subject product before it is marketed.

14. All documents relating to the development, production, marketing or management of the product including, but are not limited to, electronically stored information or databases, marketing, marketing research, sales information, regulatory compliance information, safety studies, test results, standards, parts drawings, blueprints, schematics, design specifications, design verification studies, prototype drawings, and safety warnings from the time of first development of the product until the present.

15. All documents, records or writings relating to the safety and/or use of the product provided to consumers.

16. All governmental, industry or safety organization standards, codes or regulations that pertain to the design, manufacture, assembly, distribution or sale of the product.

17. All documents generated, created by, or in the Defendant's possession and/or control which contain photographs, diagrams or descriptions of the product.

18. All instructions for assembly, construction or use pertaining to the product.

19. All documents and literature that accompanied the sale of the Product.

20. All documents setting forth standards, parts drawings, blueprints, design verification studies, and prototype drawings, from the time of first development of the product until the present.

21. All documents relating to or referring any safety testing performed and the test results of the product.

22. All documents referencing or referring to any warnings or recalls.

23. All documents referencing or referring to any and all alternative designs which were considered for use.

24. All manuals relating or referring to the product.

25. All documents referring to any and all alternative safety measures which were considered for use.

26. All documents relating to any prior claims of defect and/or complaints or reports of personal injury allegedly arising from the use of the product regardless of whether litigation resulted from the same, including but not limited to how such claims or complaints are tracked, whether they are reported to any regulatory agency, whether litigation arose from the same and, if so, the result of the litigation, any settlements reached in any case or claim regardless of whether the same is or was disputed, and any photographs, tests, documents or other materials generated in the prosecution and/or defense of such claims or complaints.

27. All documents and records of all adjustments made for customer complaints and warranty claims regarding any alleged or possible defect and/or failure of the product.

28. All recalls or service bulletins issued by the defendant or another entity regarding the product.

29. All documents regarding the testing, approval or certification by an independent agency or laboratory before the product was sold.

30. All documents of any kind relating to any other similar incidents relating to the product, including but not limited to, other instances where the product has failed, malfunctioned or did not operate properly.

31. All documents in the Defendant's possession and/or control regarding any other instances where the subject product or a product substantially similar to the subject product has caused personal injuries or death.

32. A copy of the defendant's policies, standards or procedures that pertain to the design, manufacture, assembly, distribution or sale of the product.

33. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

34. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

35. Copies of all records relevant to the purchase, installation, inspection, maintenance and/or repair of the subject product and its related equipment by any person or entity at any time.

36. Copies of all user manuals, instructions, explanations, warnings or other information of any kind provided to, available to or relevant to the purchaser or user of the product from the date of purchase through the present time.

37. All writings, records, photographs, documents, etc. of any kind whatsoever and without exception that you and/or your principal, employer, agent, servant or employee has at any time possessed concerning the subject product.

38. All writings sent to or received from any expert upon whose testimony you intend to rely at the time of trial, including without limitation the expert's curriculum vitae or resume

covering the last ten (10) year period, the expert's entire file pertaining to this matter and all of its contents, all reports, all correspondence, billings, contracts, invoices, evidence of payment, billing information, original billing slips, materials provided by you or your attorneys to the expert, any notes made by or provided to the expert and/or any photographs or other recorded information reflecting any facts upon which the expert has based an opinion, and further including without limitation any rulings of any judicial body reflecting any findings pertaining to the expert's qualifications or area of expertise.

39. Any and all lists of other cases prepared by any proposed expert witness pursuant to F.R.C.P. 26(a)(2) or otherwise. Note: This request is for a copy of any/all lists of other legal cases in which the proposed expert witness has testified as an expert at trial or by deposition.

40. All writings pertaining to the credentials, qualifications, knowledge, skill, experience, training and/or education of any expert identified by any party to this action, including without limitation the propounding party.

41. All writings pertaining to all facts or data underlying any opinions of your experts.

42. Any and all policies and procedures that relate in any way to any issue in this case which are known to you, your experts, or your attorneys, or to which you or your expert may refer to in the course of any hearings or proceedings, including trial, in this matter, including but not limited to direct and cross examination of any witness in deposition or trial.

43. All writings reflecting facts in issue in this case, including without limitation all writings reflecting any statements (and if statements are recorded, copies of all such recordings) made by any party to this litigation, any witness, or any expert, pertaining to the occurrences, incidents, or claims referred to in any pleadings in this matter, any writings pertaining to any

damages claimed in this matter and their cause, origin, nature, severity, extent and duration, and any tangible item to be utilized in any deposition, hearing or trial of this matter.

44. If any defendant has been previously sued which relates in any way to the product, copies of each and every pleading, including, but not limited to, the complaint, answers, interrogatories, notices to produce, answers to interrogatories and notices to produce, motions, deposition notices, deposition transcripts, requests for admissions and responses thereto, settlement documents, releases, judgments, stipulations, covenants not to sue, warrants to satisfy judgments and the like.

45. Any and all documents which in any way relate to any evaluation or investigation, whether performed by the responding defendant or otherwise, of the subject product.

46. All documents containing warnings of any danger to which the user of the product may be exposed.

47. All warranties given to the purchasers of the product.

48. All advertising, promotional and descriptive literature for products that were designed subsequent to the time this product was placed on the market, that were designed to improve, change or take the place of the original product which is the subject of this action.

49. All articles in any trade journals or similar publications in defendant's possession that have discussed, criticized or analyzed the product in question.

50. All engineering change notices for the product.

51. All documents or correspondence from defendant to any of its retailers regarding the product or the events giving rise to this action.

52. All documents and correspondence from defendant to a third-party regarding the events giving rise to this action or the product at issue.

53. Any correspondence or documents to or from the Consumer Product Safety Commission regarding the product or the incident at issue in this lawsuit.

54. Copies of all photographs, video and/or audio recordings, and other recordings of any type in the possession or control of the responding defendant, the responding defendant's attorney(s), or any agent/representative of the responding defendant which in any way relate to the subject product, whether same will be produced at trial or not.

55. All documents or things which the responding defendant contends support the defenses asserted in the responding defendant's Motion to Dismiss and/or Answer.

56. Complete copies of all corporate formation documents relevant to Defendant including but not limited to certificate of incorporation, bylaws, rules, regulations, procedures, and any amendments in effect for the last ten years.

57. Complete copies of all documents setting forth the names of all stockholders and/or owners of any interest in Defendant at the time of its corporate formation, in effect for the last ten years. <u>All financial and personal modifiers may be removed for confidentiality.</u>

58. Complete copies of all documents which identify or set forth the identities of all corporate officers for Defendant in effect for the last ten years.

59. Complete copies of all documents which identify or set forth the employer(s) of Defendant.

60. Complete copies of all contracts, agreements or the like which in any way relate to arrangement(s) pursuant to which Defendant was providing services to the Plaintiff.

61. A complete copy of Defendant's most current employee list(s) and organizational chart(s).

62. Complete copies of any documents or things which the responding defendant intends to use or introduce into evidence at the time of trial or which may be used to refresh the recollections of witnesses at depositions or trial.

63. All tangible items not otherwise covered by the preceding paragraphs that you contend is relevant to any claim or defense made in this matter including anything you intend to exhibit to the jury or offer into evidence at trial.

64. All materials, including but not limited to all documents, writings, recordings (audio or video), transcripts (deposition or trial), that you intend to use at the time of trial during the examination and/or cross-examination of any expert witness.

EICHEN CRUTCHLOW ZASLOW, LLP
Attorney for Plaintiff (s)

Date: August 13, 2024

By: ***s/Barry R. Eichen***
BARRY R. EICHEN, ESQ.

EICHEN CRUTCHLOW ZASLOW, LLP
Attorney for Plaintiff (s)

Date: August 13, 2024

By: ***s/Robert J. Banas***
ROBERT J. BANAS, ESQ.

**CERTIFICATION PURSUANT TO R. 4:5-1**

I, BARRY R. EICHEN, of full age, do hereby certify:

1. I am an attorney at law of the State of New Jersey, and am an attorney in the law firm of Eichen Crutchlow Zaslow, LLP, attorneys for the plaintiff in the above-captioned matter.

2. To the best of my knowledge, information and belief there is no other action pending about the subject matter of this Complaint in any Court or arbitration proceeding.

EICHEN CRUTCHLOW ZASLOW, LLP
Attorney for Plaintiff (s)

Date: August 13, 2024

By: ***s/Barry R. Eichen***
BARRY R. EICHEN, ESQ.

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-004617-24**

**Case Caption:** RUCCI NEVA VS SUNBEAM PRODUCTS, IN C.
**Case Initiation Date:** 08/13/2024
**Attorney Name:** ROBERT JONATHAN BANAS
**Firm Name:** EICHEN CRUTCHLOW ZASLOW, LLP
**Address:** 40 ETHEL RD
EDISON NJ 08817
**Phone:** 7327770100
**Name of Party:** PLAINTIFF : Rucci, Neva
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PRODUCT LIABILITY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Neva Rucci? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/13/2024
Dated

/s/ ROBERT JONATHAN BANAS
Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS 8:30 AM - 4:30 PM

DATE: AUGUST 13, 2024
RE: RUCCI NEVA VS SUNBEAM PRODUCTS, IN C.
DOCKET: MID L -004617 24

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

DISCOVERY IS 450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON BRUCE KAPLAN

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 002 AT: (732) 645-4300 EXT 88294.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: ROBERT J. BANAS
EICHEN CRUTCHLOW ZASLOW, LLP
40 ETHEL RD
EDISON NJ 08817

ECOURTS